**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0606n.06

No.  12-2210

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 26, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE  WESTERN |
| SHERMAN GEORGE WIMBERLY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  KEITH, WHITE, and STRANCH, Circuit Judges.

PER CURIAM.  Defendant-Appellant Sherman George Wimberly appeals his 186-month sentence.  We affirm.

Wimberly pled guilty without a plea agreement to one count of armed robbery of a credit union and one count of discharging a firearm during a crime of violence (R.E. 27).  Wimberly's conviction for discharging a firearm during a crime of violence carried a mandatory minimum sentence of 120 months, consecutive to any other sentence, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii). The Presentence Investigation Report calculated Wimberly's guidelines range for armed robbery at 63 to 78 months.  At sentencing, defense counsel argued for a reduced sentence based on Wimberly's mental-health issues (R.E. 40).  Declining to depart or vary downward, the district court sentenced Wimberly to 66 months' imprisonment for the armed robbery, consecutive to 120 months for the discharge of the firearm (R.E. 37).

No. 12-2210
*United States v. Wimberly*

Wimberly moved to hold this appeal in abeyance pending the Supreme Court's decision in *Alleyne v. United States*, which has since issued. ---S. Ct.----, No. 11-9335, 2013 WL 2922116 (June 17, 2013). *Alleyne* held that a jury must determine facts required to support a mandatory minimum sentence. *Id.* at *7. However, the holding of *Alleyne* is irrelevant to this case because Wimberly entered a guilty plea and specifically admitted discharging a firearm during the credit-union robbery (R.E. 39, p. 8), the fact used to support his mandatory minimum sentence.

Wimberly argues that his sentence is substantively unreasonable based on his serious physical- and mental-health issues. "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010) (citation and internal quotation marks omitted). A within-guidelines sentence is entitled to a rebuttable presumption of reasonableness. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). We review the reasonableness of a sentence imposed in a criminal case for an abuse of discretion. *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011). Wimberly acknowledges that his sentence was within the guidelines range, but he argues that his serious physical and mental health issues warranted a sentence lower than the guidelines range. Wimberly's alleged physical issues of migraines, hemorrhoids, herpes, back pain, and arthritis are not unusually serious, and counsel did not press that argument at sentencing. His mental-health issues include depression, sleep disorder, bi-polar disorder, panic attacks, anxiety, suicidal ideations, systhymic disorder, anti-social personality, and borderline personality disorder. Wimberly does not argue that the district court's sentence was arbitrary or that it was based on impermissible factors.

And he cannot argue that the district court failed to consider his mental-health issues. The district court expressed concern over Wimberly's mental health and included recommendations for diagnosis and treatment in the sentence (R.E. 40, pp. 8, 10-11). The fact that the district court could have imposed a shorter sentence is insufficient to disturb the judgment. *United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008).

Accordingly, the district court's judgment is affirmed.